UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE E. RAMOS,<br>*Plaintiff*,<br><br>v.<br><br>SCOTT SEMPLE,<br>*Defendant*. | No. 3:18-cv-1259 (VAB) |

**RULING ON WRIT OF HABEAS CORPUS**

Jose E. Ramos ("Petitioner"), a state prisoner currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed an amended petition[1] for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction for murder, in violation of Conn. Gen. Stat. § 53a-54a. Amended Petition, ECF No. 12-1 ("Am. Pet.").

Mr. Ramos raises four claims: (1) his state imprisonment is illegal because he is "legally sovereign, free, and immune from all claims and charges;" (2) his arrest was illegal because the name on the warrant was Jose E. Ramos and his actual name is Jose Eric Ramos; (3) his conviction violates an international treaty; and (4) the state trial court lacked jurisdiction over him because he is "a living soul, breathing man, not a corporate fiction." *Id.* at 5–10.

The Commissioner of the Connecticut Department of Corrections ("Commissioner")[2] has responded, contending that Mr. Ramos has failed to exhaust his state court remedies on any of

---

[1] Mr. Ramos filed a petition on July 30, 2018. Petition, ECF No. 1. He later moved to withdraw that petition because he improperly filed it under 28 U.S.C. § 2241. Motion to Withdraw, ECF No. 8. The Court granted his motion and dismissed his petition without prejudice subject to refiling an amended petition under § 2254. Order, ECF No. 9.
[2] Scott Semple is no longer the Commissioner of the Connecticut Department of Corrections, being replaced by Rollin Cook. Accordingly, the Court directs the Clerk of the Court to substitute Scott Semple for Rollin Cook. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."); *Tanvir v. Tanzin*, 894 F.3d 449, 459 n.7 (2d Cir. 2018) ("suits against officers in their official capacity, which generally seek injunctive relief, are directed at the office itself").

1

these claims, and that, even if he had, each of the claims is frivolous. Respondent's Response to Court's Order to Show Cause, ECF No. 22 ("Resp't Resp.").

Mr. Ramos's reply appears to be a more detailed memorandum on his claims that does not address his failure to exhaust. Petitioner's Response to Respondent's Response to Court's Order to Show Cause, ECF No. 31 ("Reply").

For the following reasons, Mr. Ramos's amended petition for a writ of habeas corpus is **DENIED**.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Following a criminal trial, a jury convicted Mr. Ramos of murder and he received a prison sentence of sixty years. *State v. Ramos*, 178 Conn. App. 400, 403 (2017), Respondent Appendix, ECF No. 22 ("Resp't App."), Ex. C.

Mr. Ramos appealed his conviction and raised four claims: (1) there was insufficient evidence to support his conviction; (2) the trial court erred in failing to suppress evidence of his post-*Miranda*[3] silence; (3) the trial court committed plain error by admitting prior misconduct evidence; and (4) he was deprived of his right to due process as a result of prosecutorial impropriety. *Ramos*, 178 Conn. App. at 402. The Connecticut Appellate Court rejected all four of Mr. Ramos's claims and affirmed the conviction. *Id.*

The Connecticut Supreme Court later denied discretionary review, *State v. Ramos*, 327 Conn. 1003 (2018), Resp't App. E, ECF No. 22-5, and the

United States Supreme Court denied Mr. Ramos's petition for writ of certiorari. *See Ramos v. Connecticut*, 138 S. Ct. 2656 (2018), Resp't App., Ex. G.

While his direct appeal was pending, Mr. Ramos filed a petition for a new trial under

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Conn. Gen. Stat. § 52-270. Pet. for New Trial, Resp't App., Ex. H. Mr. Ramos claimed that one of the state's witnesses had testified while she was under the influence of psychedelic substances. *Id.*

Mr. Ramos also filed a petition for writ of habeas corpus in state court. *Ramos v. Comm'r of Corr.*, No. TSR-CV-16-4008151-S (Conn. Super Ct. June 27, 2016), Resp't App., Ex. I.

On September 7, 2018, Mr. Ramos filed a motion to correct an allegedly illegal sentence in state court because he "is not the defendant named in the charging instrument," and the trial court therefore lacked jurisdiction over him. Motion to Correct Illegal Sentence, Resp't App., Ex. J. Mr. Ramos argued that he is a "sovereign [who] is answerable only to God and conscience." *See id.* at 11. The trial court denied his motion, finding no legal basis to correct the sentence imposed. *State v. Ramos*, No. KNLCR120119499 (Strackbein, J.), 2018 WL 5786064 (Conn. Super. Ct. Oct. 16, 2018), Resp't App., Ex. Mr. Ramos appealed the denial of his motion, which remains pending. *See State v. Ramos*, No. AC42330 (Conn. App. Nov. 26, 2018).

On December 7, 2018, Mr. Ramos moved to consolidate the petition for new trial and habeas petition for trial purposes, which the state court granted. *See Ramos v. State*, No. TTD-CV16-5012323 (Conn. Super. Ct. Mar. 26, 2019). Both petitions remain pending.

## II.    STANDARD OF REVIEW

A petition for writ of habeas corpus challenging a state-court conviction under § 2254 is subject to review only if the petitioner claims that his custody violates the Constitution or federal laws. *See* 28 U.S.C. § 2255(a). Federal courts do not address a claims limited to a state conviction allegedly obtained in violation of only state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)).

Section 2254(d) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotations omitted). A petition for writ of habeas corpus filed by a person in state custody with regard to any claim rejected on the merits by the state court cannot be granted unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This standard is "difficult to meet." *See Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013). Because clearly established federal law is found in holdings, not dicta, of the United States Supreme Court at the time of the state court decision. *See Howes v. Fields*, 565 U.S. 499, 505 (2012); *Carey v. Musladin*, 549 U.S. 70, 74 (2006). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'" *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (quoting 28 U.S.C. § 2254(d)(1)). A decision is contrary to clearly established federal law when it applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court unreasonably applies Supreme Court law when it has correctly identified the law but unreasonably applies that law to the facts of the case, or refuses to extend a legal principle clearly established by the Supreme Court to circumstances intended to be encompassed by the principle. *See Davis v. Grant*, 532 F.3d 132, 140 (2d Cir. 2008).

A state court decision therefore cannot be only incorrect or erroneous. *Eze v. Senkowski*, 321 F.3d 110, 124–25 (2d Cir. 2003). Rather, the state court application of clearly established

4

law must be objectively unreasonable. *Id.*; *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). A state prisoner must show that the challenged court ruling "was so lacking justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Williams v. Taylor*, 529 U.S. 362, 389 (2000) ("state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated").

A prerequisite to federal habeas corpus relief under § 2254 is the exhaustion of available state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In order to exhaust state court remedies, a petitioner must present the factual and legal bases of the federal claims to the highest state court capable of reviewing them and utilize all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73–74 (2d Cir. 2005). Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). The petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez*, 394 F.3d at 72–74.

Before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), district courts were required to dismiss any petition containing unexhausted claims. *Stover v. Ercole*, No. 08-CIV-6737 (SAS), 2011 WL 814710, at *5 (S.D.N.Y. Mar. 8, 2011) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1989)). The AEDPA subsequently gave the district courts discretion to deny a petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *Id.* (quoting 28 U.S.C. § 2254(b)(2)). The Supreme Court

5

has recognized that a district court order denying a petition on the merits of unexhausted claims would be more appropriate than a dismissal for failure to exhaust when the claims are "plainly meritless." *Id.* (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

## III. DISCUSSION

The Commissioner argues that Mr. Ramos has failed to exhaust any of the claims raised in the amended petition in state court. Resp't Mem. at 5. Rather than issuing an order dismissing the amended petition without prejudice and directing Mr. Ramos to exhaust his claims in state court, the Commissioner argues that this Court should exercise its discretion under § 2254(b)(2) to deny the amended petition on the merits because the claims raised therein are "obviously meritless." *Id.* at 7.

The Court agrees.

The first, second, and fourth grounds for relief stated in Mr. Ramos's amended petition challenge the ability of the state to charge, prosecute, and detain him while he allegedly is a "sovereign citizen" not subject to any state's jurisdiction. *See* Am. Pet. at 5–7, 10.

In his first claim, Mr. Ramos argues that he is "legally sovereign, free, and immune from all claims and charges . . . a living soul with a hold-harmless and indemnity agreements, as well as [a] security agreement, and . . . [a] holder in due course of 'Jose E. Ramos,' and all legal titles thereof . . . ." *Id.* at 5.

His second ground for relief is that his arrest was unlawful because "[t]he name and address on the warrant was for [a] 'Jose E. Ramos' who lived in a home in Brooklyn, [New York] [and] not for . . . 'Jose Eric Ramos' who was living . . . in Queens, [New York]." *Id.* at 7. Mr. Ramos similarly raised this claim in his state motion to correct an illegal sentence; *see* Mot. to Correct Illegal Sentence, Resp't App., Ex. J. Mr. Ramos also contends that the name on the

6

charging document, "JOSE RAMOS," in all caps, is a "corporate fiction," and his arrest was illegal because is not a citizen of any state. *See* Reply at 28.

Mr. Ramos's fourth claim is that the trial court "lack[ed] subject matter jurisdiction" over his case because it "is set up to deal with corporate fictions, not the living man." Am. Pet. at 10. For each of these three claims, Mr. Ramos argues that his identity as a "sovereign citizen" warrants immediate relief from state custody.

"As the Second Circuit has described, 'sovereign citizens' is 'a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.'" *Osorio v. Connecticut*, No. 3:17-cv-1210 (CSH), 2018 WL 1440178, at *5 (D. Conn. Mar. 22, 2018) (quoting *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013)). Many district courts, including this Court, have rejected jurisdictional claims from "sovereign citizens" as patently frivolous. *See id.* at *6–7 (plaintiff's claim that "Courts have no jurisdiction over living men" dismissed as frivolous); *Tyson v. Clifford*, No. 3:18-cv-1600 (JCH), 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) (dismissing plaintiff's claim that, as "sovereign citizen," he is not subject to jurisdiction of State of Connecticut or Connecticut Superior Court); *Faltine v. Murphy*, No. 15-CV-3961 (RRM) (LB), 2016 WL 3162058, at *2 (E.D.N.Y. June 3, 2016) ("The 'sovereign citizen' belief system has been described by other courts as 'completely without merit,' 'patently frivolous,' and having 'no conceivable validity in American law'"); *Paul v. N.Y.*, No. 13-CV-5047 (SJF) (AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013) ("Plaintiff's purported status as a 'sovereign citizen' does not enable him to violate state and federal laws without consequence").

Because the first, second, and fourth claims all stem from Mr. Ramos's belief that he is not a citizen of the State of Connecticut and therefore is wrongfully held in its custody, claims

7

lacking in legal merit, they are frivolous.

As for his third claim, that his state conviction violates "an international treaty to which the [United States] is a party," *see* Am. Pet. at 8, Mr. Ramos has not explained what treaty is being violated or how, if at all, his conviction violates clearly established United States Supreme Court law. Nor has this Court been able to discern any applicable treaty.

Accordingly, all four of Mr. Ramos's claims lack legal merit and therefore are frivolous.

## IV. CONCLUSION

For the reasons discussed above, Mr. Ramos's amended petition for habeas corpus under § 2254(b)(2) is **DENIED**.

Because Mr. Ramos has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2).

The Court directs the Clerk of the Court to substitute Scott Semple for Rollin Cook, enter judgment for the Commissioner in this case, and then close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of June 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE